## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INLAND PIPE REHABILITATION, LLC AND ROBERT MCCRAE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-02132 |
| ERICK J. RODRIGUEZ & ASOCIADOS, C.R.L. AND ERICK J. RODRIGUEZ TORO | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM AGAINST PLAINTIFF INLAND PIPE REHABILITATION, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Erick J. Rodriguez & Asociados, CRL ("ER&A") and Erick J. Rodriguez Toro ("Rodriguez) (collectively "Defendants") files their Answer to Plaintiffs' Verified Complaint for Declaratory Judgment (Dkt. No. 1) and Counterclaim against Inland Pipe Rehabilitation, LLC (hereinafter "Inland Pipe").

### FIRST DEFENSE

Defendants invoke and assert all defenses to the Complaint available under Rule 12(b) of the Federal Rules of Civil Procedure including, but not limited to, Rule 12(b)(6) due to Plaintiffs' failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations contained in Plaintiffs' Verified Complaint for Declaratory Judgment (Dkt. No. 1) (hereinafter "Complaint"), Defendants aver as follows:

1. Of the allegations in the Introduction Paragraph of the Complaint, it is admitted that in 2016 a contract was negotiated, executed, and was binding between ER&A and Inland Pipe Rehabilitation, LLC for the lease/rent of a Talbert wet-out trailer (hereinafter "Equipment"). It is also admitted that on May 12, 2020, Defendants sent Plaintiffs a demand letter for unpaid rents and that Mr. Robert McCrae had personally guaranteed the rents owed. All other allegations contained in the Introduction Paragraph of the Complaint are denied.

2. The allegations in Paragraph 1 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations.

3. The allegations in Paragraph 2 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations.

4. The allegations in Paragraph 3 of Complaint are admitted.

5. The allegations in Paragraph 4 of Complaint are admitted.

6. Of the allegations in Paragraph 5 of Complaint, it is admitted that there is complete diversity between all parties. All other allegations are denied as Defendants lack sufficient information to admit or deny the allegations are admitted.

7. The allegations in Paragraph 6 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations.

8. The allegations in Paragraph 7 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations.

9. The allegations in Paragraph 8 of Complaint are admitted.

10. The allegations in Paragraph 9 of Complaint are admitted.

11. The allegations in Paragraph 10 of Complaint are admitted.

12. The allegations in Paragraph 11 of Complaint are denied.

13. The allegations in Paragraph 12 of Complaint are denied.

14. Of the allegations in Paragraph 13 of Complaint, it is denied that Rodriguez did not have use for the Equipment in Puerto Rico. All other allegations are admitted.

15. Of the allegations in Paragraph 14 of Complaint, it is admitted that an agreement for the rental of the Equipment was reached between ER&A and Inland Pipe. It is also admitted that Inland Pipe was to pay the cost to ship the Equipment to and from Puerto Rico and pay the monthly rent of $5,000.00 while it was in possession of the Equipment and until it was returned to ER&A in Puerto Rico. All other allegations are denied.

16. Of the allegations in Paragraph 15 of Complaint, it is admitted that an agreement for the rental of the Equipment was reached between ER&A and Inland Pipe. It is also admitted that Inland Pipe was to pay the cost to ship the Equipment to and from Puerto Rico and pay the monthly rent of $5,000.00 while it was in possession of the Equipment and until it was returned to ER&A in Puerto Rico. All other allegations are denied.

17. The allegations in Paragraph 16 of the Complaint are denied.

18. The allegations in Paragraph 17 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations. It is admitted that in breach of the lease agreement Inland Pipe has not returned the Equipment to ER&A in Puerto Rico.

19. The allegations in Paragraph 18 of the Complaint are denied.

20. Of the allegations in Paragraph 19 of the Complaint, it is denied that Rodriguez owed any storage fees for the Equipment as the Equipment was to be returned at the cost and expense of Inland Pipe when it was done using the Equipment. No such storage agreement was even made.

21. The allegations in Paragraph 20 of the Complaint are denied as Defendants lack sufficient information to admit or deny the allegations.

22. The allegations in Paragraph 21 of the Complaint are admitted.

23. The allegations in Paragraph 22 of the Complaint are admitted.

24. The allegations in Paragraph 23 of the Complaint are admitted.

25. The allegations in Paragraph 24 of the Complaint are admitted.

26. The allegations in Paragraph 25 of the Complaint are admitted.

27. The allegations in Paragraph 26 of the Complaint are admitted.

28. Of the allegations in Paragraph 27 of the Complaint, it is admitted that in breach of the lease agreement Inland Pipe is still in possession of the Equipment and has not paid any rents since 2016. All other allegations are denied.

29. Defendants repeat and re-aver Paragraphs 1 through 28 of this Answer.

30. The allegations in Paragraph 29 of the Complain are averments of law which do not require a response from Defendants. If it is determined that a responsive pleading is merited the allegations are denied.

31. The allegations in Paragraph 30 of the Complaint including its subsections (a) to (d) are denied.

32. The allegations in Paragraph 31 of the Complaint are averments of law which do not require a response from Defendants.

33. The allegations in Prayer Paragraph of the Complaint including its subsections (a) to (f) are denied.

**THIRD DEFENSE**

Defendants would show that Inland Pipe breach the lease agreement by failing to pay rents and returning the Equipment to Puerto Rico at its cost and expense.

**FOURTH DEFENSE**

Defendants would show that Plaintiffs did not satisfy their obligations under the lease agreement.

**FIFTH DEFENSE**

Defendants would show that Inland Pipe is not entitled to any storage fees as it was obligated to return the Equipment back to Puerto Rico at its cost and expense. There was never an agreement for Inland Pipe to store the Equipment.

**SIXTH DEFENSE**

Defendants aver that it has made demands to Plaintiffs to return the Equipment to Puerto Rico. To date the Equipment has not been redelivered back to Puerto Rico by Inland Pipe.

**SEVENTH DEFENSE**

Defendants would show that Plaintiffs are not entitled to any remedies under law and equity as Defendants have not breached the lease agreement.

**EIGHTH DEFENSE**

Defendants would show that Plaintiffs have unclean hands.

**NINTH DEFENSE**

Plaintiffs failed to exercise reasonable care and/or due diligence under the circumstances.

**TENTH DEFENSE**

The duly executed lease agreement between Inland Pipe and ER&A, shall be constructed and enforced in accordance with the laws of the Commonwealth of Puerto Rico.

## ELEVENTH DEFENSE

The State of Texas and this Court lack personal jurisdiction over Defendants

## TWELFTH DEFENSE

Defendants have met all obligations under the lease agreement for the Equipment.

## COUNTERCLAIM AGAINST INLAND PIPE

Erick J. Rodríguez Toro & Associates (hereinafter "ER&A"), through the undersigned Counsel, files this Counterclaim for damages against Inland Pipe, and requests, states and prays as follows:

1. ER&A, is a limited liability company incorporated in Puerto Rico and with its principal place of business in Juana Díaz, Puerto Rico.

2. Upon information and belief, Inland Pipe Rehab, LLC (hereinafter "Inland Pipe"), is a limited liability corporation incorporated in the State of Delaware.

3. ER&A is a business consulting company that among other activities, rents specialized trenchless inspection and rehabilitation equipment in Puerto Rico to trenchless rehabilitation and construction companies for their projects. Erick J. Rodríguez Toro is the resident agent of Erick J. Rodríguez Toro & Associates, CRL.

4. Upon information and belief, Inland Pipe, offers and delivers turnkey trenchless rehabilitation services to government and municipalities across the United States of America with a CIPP specialty within pipe sizes ranging from 4 to 120 inches in diameter. The company leases and/or purchases equipment from companies like ER&A to utilize in its projects.

5. In early 2016, Inland Pipe contacted ER&A because it was interested in leasing a specialized custom made wet-out trailer owned by ER&A (the "Equipment").

6. As a result, the parties conducted negotiations via phone and emails to lease the Equipment from ER&A.

7. The Equipment was purchased from a worldwide well-known CIPP contractor and manufacturer of Large Diameter CIPP equipment and with it components had an approximate value of $237,200.00. The equipment can be used in Larger Diameter Projects with pipe sizes ranging from 24 to 84 inches in diameter.

8. At the time of the negotiations, the Equipment was located in Puerto Rico.

9. On June 1, 2016, the parties subscribed a Lease Agreement (the "Agreement") for the lease of the Equipment. Dkt. No. 20-2. The Agreement stated, regarding the TERM, as follows:

> Unless otherwise agreed in writing, the Term of this Agreement shall commence on the Effective Date and be in effect from portal to portal and shall expire when the equipment described on SCHEDULE A has been received by Lessor at Lessor's place of business in Juana Díaz, Puerto Rico and payment has been received by Lessor for the Services described on SCHEDULE B.

Dkt. No. 20-2, ¶ 4, TERM.

10. As per the Agreement, Inland Pipe took care of shipping of the Equipment from Puerto Rico. Inland Pipe was responsible for the transportation expenses and costs to and from Juana Diaz, Puerto Rico. *See* Dkt. No. 20-2, ¶ 5, SHIPPING.

11. The Agreement stated that, as per Schedule A, the rent for such equipment was $5,000.00 per month.

12. ER&A sent monthly invoices to Inland Pipe from June to November 2016.

13. Even though Inland Pipe stopped making rent payments after December 2016, in clear violation of the Agreement, Inland Pipe did not return or ship the Equipment back to Puerto Rico.

14. No instructions were ever given by ER&A to Inland Pipe to store the Equipment in Texas, nor was there a written amendment to the lease agreement.

15. Inland Pipe never contacted ER&A after allegedly finalizing its use of the Equipment, if it ever did.

16. Inland Pipe has not paid rent for the Equipment since November 2016 and has not returned it to Puerto Rico. Rents have accrued since December 2016 to the present at a rate of $5,000.00 a month ($1,330.00 a week or $275.00 a day, as per Schedule A of the Agreement). To date, the total amount of rents owed are in excess of $250,000.00 and continue to accumulate as the Equipment has still not been returned to Puerto Rico by Inland Pipe.

17. ER&A has received no information from Inland Pipe regarding the storage, maintenance, or condition of the Equipment.

18. During the first half of the year 2017, ER&A made additional efforts to contact Inland Pipe and obtain the status of the Equipment or the rent thereof. Tragically, on September 20, 2017 hurricane María hit the island of Puerto Rico, causing significant damages to ER&A's place of business in Juana Díaz, Puerto Rico, as it did to most of the island.

19. As a result of the damages caused by the hurricane, all the files and computers at ER&A's place of business were destroyed. Thus, ER&A did not have the contact information to continue pursuing Inland Pipe's breach of contract.

20. After almost a year, during which ER&A tried to stabilize its business, ER&A recuperated some of the information stored in the computer hard drives, including Inland Pipe's contact information.

21. At that time, ER&A's president, Erick J. Rodríguez, emailed, called, and left messages with his contact at Inland Pipe, Eric Stansberry. No response was ever received.

Rodríguez later learned that Stansberry had regrettably died. Notwithstanding, no one from Inland Pipe ever contacted ER&A about the Equipment.

22. On May 12, 2020, ER&A sent a letter to Inland Pipe, by way of its CEO, Robert McCrae, claiming unpaid rents and the value of the loss of the Equipment, for a total amount of $450,000.00.

23. To this day, no payment has been made nor has the Equipment been delivered to Juana Diaz, Puerto Rico.

24. The Agreement makes clear that it "shall be construed and enforced according to laws of the Commonwealth of Puerto Rico". Dkt. No. 20-2, ¶ 24 Governing Law.

## IV. FIRST CAUSE OF ACTION
**(Breach of Contract and Rent Collection)**

25. Plaintiff hereby restates and incorporates by reference the above paragraphs of the present Counterclaim.

26. "To properly assert a claim for breach of contract, a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages." *First Medical Health Plan, Inc. v. CaremarkPCS Caribbean, Inc.,* 681 F.Supp.2d 111, 116 (D.P.R. 2010).

27. There was a valid lease agreement between Inland Pipe and ER&A.

28. As per the Agreement, Inland Pipe had the obligation to pay monthly rents for the Equipment in the amount of $5,000.00 until it had been returned to ER&A's place of business in Juana Díaz, Puerto Rico.

29. As per the Agreement, Inland Pipe has the obligation to ship and deliver, at its cost, the Equipment back to ER&A at its place of business in Puerto Rico.

30. Since November 2016, Inland Pipe has not made a single payment, nor has the Equipment been delivered or returned to ER&A's place of business in Juana Díaz, Puerto Rico.

31.     Inland Pipe is therefore indebted to ER&A in an amount in excess of $225,000.00 for unpaid rents.

## V.      SECOND CAUSE OF ACTION
### (Loss of Property)

32.     Plaintiff hereby restates and incorporates by reference the above paragraphs of the Counterclaim.

33.     After the signing of the Agreement, Inland Pipe arranged for the shipment of the Equipment from Puerto Rico and received it in the United States. On information and believe, Inland Pipe used the Equipment. Inland Pipe has not paid rents to ER&A and has not redelivered the Equipment back to Puerto Rico.  Therefore, Inland Pipe has unlawfully possessed the Equipment at its place of business, without the consent of ER&A, since December 2016.  The lease agreement clearly states that Inland Pipe had the obligation to return the Equipment to ER&A at its Puerto Rico location at Inland Pipe's cost and expense.

34.     ER&A has no information that the Equipment has been properly stored, maintained, or if Inland Pipe has used the Equipment since then, deriving additional profits without paying rents to ER&A.

35.     Inland Pipe made no efforts to contact ER&A regarding the return of the Equipment to Puerto Rico until the commencement of this litigation.

36.     The Equipment and its components has an approximate value of $237,200.00.

37.     As a result of Inland Pipe's unlawful possession and misappropriation of the Equipment, Inland Pipe is liable to ER&A for the loss of such property in an amount no less than $237,200.00.

## VI. THIRD CAUSE OF ACTION
### (Tort Action Under Article 1802 and 1054 of the Puerto Rico Civil Code or general negligence)

38. Plaintiff hereby restates and incorporates by reference the above paragraphs of the present Complaint.

39. Inland Pipe is liable to ER&A for the damages caused by its negligent or purposeful conduct under Article 1802 of the Puerto Rico Civil Code.

40. Article 1802 provides that "[a] person who by an act or omission causes damage to another party through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141.

41. Inland Pipe had a duty to pay rents while in possession of the Equipment. It purposely and negligently breached that duty, which caused harm to ER&A in the form of loss profits, use and opportunities of its Equipment.

42. Because of Inland Pipe's negligent or purposeful actions, ER&A has not been able to recuperate the Equipment or rent it to other companies, deriving no profit whatsoever from its Equipment.

43. Therefore, Defendant is liable to Plaintiff in an amount of no less than $250,000.00, in damages, which include the unpaid rents or the value of the Equipment as it has not been returned to ER&A.

44. In addition, since it has misappropriated the Equipment, Inland Pipe owes ER&A the value of the Equipment as well as the unpaid rents.

**WHEREFORE,** all premises considered, ER&A prays that the relief sought in its Counterclaim be granted and that judgment be entered in its favor and against Inland Pipe Rehab, LLC. in an amount in excess of $485,000.00; that the Declaration Action filed by Plaintiffs' be

dismissed in its entirety and that they take nothing; that ER&A and Mr. Rodriguez be awarded costs and attorney fees and any further equitable and legal relief the Court deems proper.

>Respectfully submitted,
>
>**HOLMAN FENWICK WILLAN USA LLP**
>
>*/s/ Alejandro Mendez-Roman*
>Gerard J. Kimmitt, II
>State Bar No. 11427500
>Federal Bar No. 08454
>jerry.kimmitt@hfw.com
>5151 San Felipe, Suite 400
>Houston, Texas 77056
>Telephone: (713) 917-0888
>Telefax: (713) 953-9470
>**ATTORNEY-IN-CHARGE FOR DEFENDANTS ERICK J. RODRIGUEZ & ASOCIADOS, C.R.L. AND ERICK J. RODRIGUEZ TORO**

OF COUNSEL:
**HOLMAN FENWICK WILLAN USA LLP**
Alejandro Mendez-Roman
State Bar No. 24102778
Federal Bar No. 2295449
alex.mendez@hfw.com

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was electronically filed on February 9, 2021, and that a true and correct copy of the foregoing will be served on all counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas.

>*/s/ Alejandro Mendez-Roman*
>Alejandro Mendez-Roman